IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

STACEY BEGAY,

        Petitioner,

v.

CARRIE BRIDGES,

        Respondent.

Case No. 24-CV-94-RAW-DES

## OPINION AND ORDER

Petitioner Stacey Begay ("Petitioner"), a state prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Cherokee County, Case No. CF-2011-196 ("Petition").  Dkt. No. 1. Respondent Carrie Bridges ("Respondent") has moved to dismiss Petitioner's Habeas Corpus Petition contending Petitioner failed to initiate the action within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1) and failed to fully exhaust his state court remedies.[2]  Dkt. Nos. 6, 7.  Petitioner filed a "Motion Objection to Respondent's Response," contending:

> As Petitioner will show by the case of McGirt v. Oklahoma [] that the Oklahoma State's Court(s) Lack Jurisdiction over "ANY" potential appeal.  Thus, leaving a lack of "finality" in the Oklahoma State's ability to "Finalize Judgments" by "NO" availability to "ANY" (Court of Last Resort) for criminal convictions of an Indian in Indian Country for 94-297, Indian Crimes Act. Indians on Reservations, for 28 U.S.C. § 2254(B)(i) and (ii), (There is an absence of State corrective process), see Justin Hoper v. Tulsa, 22-5034, 71 F.4th 1270 (10th Cir. 2023).

---

[1] Because Petitioner appears without counsel, the court must liberally construe his pleadings.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the rule of liberal construction neither requires nor permits the court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Because the court finds that the Petition is untimely, the court does not reach Respondent's alternative argument for dismissal.

Dkt. No. 8. As discussed herein, the court grants Respondent's Pre-Answer Motion to Dismiss.

## I.     Background

In September 2013, following a jury trial, Petitioner was found guilty of child sexual abuse. On November 7, 2013, the Judgment and Sentence was entered by the state court sentencing Petitioner to thirty-seven (37) years of imprisonment. Dkt. No. 7-1. Subsequently, Petitioner directly appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. F-2013-1093, raising six (6) grounds for relief. Dkt. Nos. 7-8, 7-9. On January 9, 2015, the OCCA affirmed Petitioner's conviction and sentence. Dkt. No. 7-11.

On November 6, 2015, Petitioner filed a Judicial Modification of Sentence request. Dkt. No. 7-12. Petitioner filed an amended Judicial Modification of Sentence request on November 24, 2015. Dkt. No. 7-13. The State responded objecting to Petitioner's request, noting the statute relied upon by Petitioner did not apply to sentences imposed pursuant to a jury verdict unless the district attorney consented, and the district attorney had not consented. Dkt. No. 7-14. The state court denied Petitioner's request for a sentence modification on December 9, 2015. Dkt. No. 7-15.

On December 28, 2020, Petitioner filed an Application for Post-Conviction Relief arguing, pursuant to *McGirt v. Oklahoma*, 591 U.S. 894 (2020), the State lacked prosecutorial authority to convict him because he is an Indian and his crime took place in Indian Country. Dkt. No. 7-16. On September 13, 2021, Petitioner filed a Motion to Stay his post-conviction proceedings until the conclusion of potential *certiorari* review by the Supreme Court in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), and related cases. Dkt. No. 7-18. On October 28, 2021, the district court granted Petitioner's request for a stay and directed that the Application for Post-Conviction Relief would be "reset upon application." Dkt. No. 7-19.

On March 4, 2024, Petitioner filed the instant habeas Petition raising four (4) grounds for relief:

1) The State of "Oklahoma lacked Jurisdiction" over him as an Indian who committed his crime in Indian Country;

2) He received "Ineffective assistance of counsel" because his defense counsel was "not licensed in Federal Indian Law";

3) The "Sate [sic] of Oklahoma violated the Federal Speedy trial Act and the 6th Amendment" by failing to prosecute Petitioner within a year of his crime; and

4) The "State of Oklahoma lacked Finality[.]"

Dkt. No. 1 at 5-10 (capitalization, spelling, grammar and syntax in original).

## II. Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

    A.  <u>The Applicable Limitations Period</u>

Petitioner failed to initiate the instant Petition within the time mandated by 28 U.S.C. § 2244(d)(1)(A). Petitioner was formally sentenced on November 7, 2013, and the OCCA affirmed his Judgment and Sentence on January 9, 2015. Dkt. Nos. 7-1, 7-11. Petitioner did not seek a writ of certiorari from the Supreme Court within ninety (90) days after the OCCA affirmed his Judgment and Sentence. Therefore, Petitioner's Judgment and Sentence became final on April 9, 2015, and his one-year period to file a petition for writ of habeas corpus began to run on April 10, 2015. *See Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000) ("Because [the petitioner] did not file a petition for certiorari to the United States Supreme Court, the one-year period of limitation started to run ninety days after . . . his state court review was [] completed."). It expired one year later, on April 11, 2016.[3] Petitioner did not file the present Petition until over seven (7) years after April 11, 2016. Dkt. No. 1. Thus, Petitioner's Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not allege any facts triggering 28 U.S.C. §§ 2244(d)(1)(B), (C) or (D). To the extent Petitioner's position is that *McGirt* somehow renders his Petition timely, this contention lacks merit. *See Hairrell v. Crow,* No. 21-CV-341-RAW, 2022 WL 4102061, *5 (E.D. Okla. Sep. 7, 2022) ("[T]he *McGirt* decision did not provide a new start date under Section 2244(d)(1)(B)"); *Pacheco v. El Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023) ("*McGirt* announced no new constitutional right" for purposes of § 2244(d)(1)(C)); *Ford v. Dowling*, No. 22-6138, 2023 WL

---

[3] Petitioner's deadline was technically April 10, 2016. Since April 10, 2016, was a Sunday, Petitioner's one-year deadline in which to file his habeas action extended to Monday, April 11, 2016. Fed. R. Civ. P. 6(a)(1)(C).

2641476, at *3 (10th Cir. Mar. 27, 2023) (unpublished)[4] ("[Section] 2244(d)(1)(D) is inapplicable because nothing in *McGirt* can be said to reveal a new factual predicate for [the petitioner's] claim."); *see also Pacheco*, 62 F.4th at 1245 ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."). Having failed to file his Petition within the period required by 28 U.S.C. § 2244(d)(1), Petitioner's Petition is untimely absent statutory or equitable tolling or a showing of actual innocence.

B. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").

Here, Petitioner's November 6, 2015, and November 24, 2015, requests for judicial modification of his sentence[5] were not properly filed because he did not have the district attorney's

---

[4] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[5] The question of whether "a motion for judicial review under § 982a can ever lead to tolling of the statute of limitations under § 2244(d)(2) is an 'unresolved issue in our circuit.'" *Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *7 (10th Cir. Jan. 12, 2024) (unpublished) (quoting and citing *Randall v. Allbaugh*, No. 16-5109, 662 F. App'x 571, 573 n.3 (10th Cir. Sept. 27, 2016) (unpublished)).

consent. *See* Dkt. No. 7-14; Okla. Stat. tit. 22, § 982a(A)(3). An application for collateral review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Therefore, these requests do not toll the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). Even if this were not so, only thirty-three (33) days elapsed during the pendency of these motions, a period which is clearly insufficient to render the Petition timely.

Furthermore, Petitioner's December 28, 2020, filing [Dkt. No. 7-16] does not entitle him to statutory tolling because the December 28, 2020, Application for Post Conviction Relief was filed after his statutory year, April 11, 2016, under the AEDPA. *See Clark*, 468 F.3d at 714.

C. <u>Equitable Tolling</u>

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). After careful review, the court finds Petitioner has failed to meet this burden. Equitable tolling is unavailable to salvage Petitioner's Petition.[6]

**III.   Conclusion**

Based on the foregoing, the court grants Respondent Carrie Bridges' Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred and/or for Failure to Exhaust Necessary State Remedies [Dkt. No. 6]. In addition, the court declines to issue a certificate of

---

[6] Petitioner has not argued or demonstrated that the untimeliness of his Petition is excusable under the doctrine of actual innocence.

appealability because the court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent Carrie Bridges' Pre-Answer Motion to Dismiss Habeas Corpus Petition as Time-Barred and/or for Failure to Exhaust Necessary State Remedies [Dkt. No. 6] is **GRANTED**;

2. The Petition for Writ of Habeas Corpus [Dkt. No. 1] is **DISMISSED** with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is **DENIED**; and

4. a separate judgment shall be entered in this matter.

Dated this 16th day of January, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE